# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTOR SANCHEZ, | |
| Petitioner, | Civ. No. 18-13475 (KM) |
| v. | |
| PATRICK NOGAN et al., | **MEMORANDUM OPINION** |
| Respondents. | |

### KEVIN MCNULTY, U.S.D.J.

The petitioner, Victor Sanchez, is a state prisoner at East Jersey State Prison in Rahway, New Jersey. He is proceeding pro se with this habeas proceeding under 28 U.S.C. § 2254. On January 11, 2019, I issued a Memorandum and Order to Show Cause directing Mr. Sanchez to show cause in writing within 45 days why his habeas petition should not be dismissed as untimely under the one-year limitations period created by the Anti-Terrorism and Effective Death Penalty Act ('AEDPA"). (DE 2.) Mr. Sanchez has responded to that Order to Show Cause, and I now consider whether the petition is timely.

AEDPA imposes a one-year limitations period for habeas petitions by state prisoners. The limitations period typically begins to run when the underlying judgment "bec[omes] final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see also Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013). According to Mr. Sanchez's petition, in 2012 he pled guilty in New Jersey Superior Court, Essex County, to first-degree aggravated manslaughter and unlawful possession of a weapon, and he was sentenced to 25 years in prison with 85% parole ineligibility. (DE 1 ¶¶ 1–6.) In December 2012, the Superior

Court, Appellate Division, affirmed his sentence but "remanded the matter in order to delete aggravating factor N.J.S.A. 2C:44-1a(6) from the judgment of conviction." (*Id.* ¶ 9.) The petition states that an amended judgment of conviction was issued on January 10, 2013 and that Mr. Sanchez sought "[n]o further review on Direct." (*Id.*) Mr. Sanchez indicated that he filed a petition for post-conviction relief ("PCR") with the New Jersey Superior Court on December 9, 2014. (*Id.* ¶¶ 11–12.)

Upon these facts, I determined that it appeared that Mr. Sanchez's time to file a federal habeas petition had expired before he commenced his state PCR action. Specifically, I noted that if the Superior Court issued a judgment of conviction on January 10, 2013, from which Mr. Sanchez took no direct appeal, then his judgment became final on February 24, 2013, when his time to appeal expired. (*See* DE 2.) Thus, I concluded that the one-year period during which Mr. Sanchez could file a habeas petition expired as of February 24, 2014. (*Id.*) By order to show cause, however, I gave him an opportunity to show that this analysis was incorrect or that the AEDPA limitations period should be tolled.

In response to the order to show cause, Mr. Sanchez asserts that, after the amended judgment of conviction was entered on January 10, 2013, "the office of the public defender led [him] to [believe] that [he] needed to petition to the State Supreme Court of New Jersey for certification, however, that office nor the attorney assigned would be doing the petition for me." (DE 3 ¶ 14.) He further asserts that both he and his family "diligently pursued help from the office of the public defender to continue appealing my sentence unsuccessfully." (*Id.*) Mr. Sanchez asserts that he lacked the capacity to file his own appeal and "was not informed of any tolling of time," and he thus argues that these facts show extraordinary circumstances warranting equitable tolling. (*Id.* ¶¶ 15–16.)

2

The Supreme Court established, in *Holland v. Florida*, 560 U.S. 631 (2010), that attorney malfeasance may warrant equitable tolling of the AEDPA limitations period. *Id.* at 645–54. Equitable tolling will be granted, however, only if a petitioner can demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (internal quotation marks omitted); *see also Ross*, 712 F.3d at 798; *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 (3d Cir. 2013). The *Holland* Court emphasized that such determinations, which are equitable in nature, should be fact specific and rendered on a case-by-case basis. *See Holland*, 560 U.S. at 649-50; *see also Ross*, 712 F.3d at 799.

The *Holland* Court reversed that Court of Appeals' holding that attorney misbehavior could constitute an extraordinary circumstance for the purpose of equitable tolling *only* if it involved allegations of "'bad faith, dishonesty, divided loyalty, mental impairment or so forth.'" *Holland*, 560 U.S. at 644, 651–52 (quoting *Holland v. Florida*, 539 F.3d 1334, 1339 (11th Cir. 2008)). Nonetheless, *Holland* reaffirmed that equitable tolling will be appropriate only under extraordinary circumstances. Thus, for example, "garden variety" attorney negligence would not provide sufficient justification. *Id.* at 651–52; *see also Jenkins*, 705 F.3d at 89 n.16. *Holland* found the potential for a showing of extraordinary circumstances because Holland's attorney failed to timely file a petition "despite Holland's many letters that repeatedly emphasized the importance of his doing so," failed to research the proper filing date although Holland had identified the applicable rules for him, failed to promptly inform Holland that the Florida Supreme Court had ruled in his case despite Holland's requests for that information, and "failed

to communicate with his client over a period of years, despite various pleas from Holland that [counsel] respond to his letters."[1] *Holland*, 560 U.S. at 652.

Addressing the diligence prong, the *Holland* Court found that a showing for equitable tolling requires only reasonable diligence, "not maximum feasible diligence." *Holland*, 560 U.S. at 653; *see also Ross*, 712 F.3d at 799. The Third Circuit has noted that a petitioner must exercise diligence throughout the process of exhausting state court remedies, not only in filing a habeas petition. *Ross*, 712 F.3d at 799. Although the diligence test is applied subjectively, it is still applied to litigants proceeding *pro se*—a petitioner's "lack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* at 799–800.

Additionally, the Third Circuit has required that litigants seeking equitable tolling show that an attorney's extraordinary misconduct *caused* the petitioner to miss the deadline. *Id.* at 803. In other words, the extraordinary circumstances "must somehow have affected the petitioner's ability to file a timely habeas petition." *See Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001), *abrogated on other grounds by Carey v. Saffold*, 536 U.S. 214 (2002).

Under these standards, the circumstances as described by Mr. Sanchez are insufficient to warrant equitable tolling. While Mr. Sanchez contends that his public defender "abandon[ed]" him, (DE 3 ¶ 16), he does not show the level of extraordinary circumstances required for equitable tolling. If there was attorney negligence at all—and this is far from clear—it would not rise above negligence of the "garden variety." Furthermore, Mr. Sanchez cannot meet the diligence or causation prongs of the test under *Holland*. He alleges that his public defender advised him to pursue further appeal but specifically told him that the public defender's office

---

[1] The *Holland* Court did not hold that these were extraordinary circumstances, however. Rather, it remanded for further proceedings, as the District Court had not ruled on this issue. *Holland*, 560 U.S. at 653–54. On remand, the District Court apparently found tolling to be appropriate and addressed Holland's petition on its merits. *See Holland v. Tucker*, 854 F. Supp. 2d 1229 (S.D. Fla. 2012).

4

would not "be doing the petition for [him]." (*Id.* ¶ 14.) Mr. Sanchez does not establish that the public defender was legally obligated to do so. Nor does he allege that he was misled into believing that the attorney would file an appeal on his behalf; indeed, the attorney explicitly placed him on notice that the attorney would not do so. Mr. Sanchez asserts that he did not understand the applicable deadlines, but the Third Circuit has specifically rejected the argument that a pro se litigant's lack of legal knowledge or training is sufficient to justify equitable tolling. *See Ross*, 712 F.3d at 799–800.

Equitable tolling is not warranted. Mr. Sanchez's habeas petition must be dismissed as time-barred under AEDPA.

Under 28 U.S.C. § 2253(c), a litigant may not appeal a final order in a habeas proceeding unless the judge or a circuit justice issues a certificate of appealability ("COA"). That section further directs courts to issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, reasonable jurists would not find the Court's procedural ruling debatable. Accordingly, no certificate of appealability shall issue.

5

An appropriate order follows.

DATED: March 4, 2019

_____
KEVIN MCNULTY
United States District Judge